CARMEN MELÉNDEZ REYES, ETC., Petitioner and Appellant, *v.* MUNICIPAL COURT OF VEGA BAJA, Respondent.

No. 5247.  Argued April 7, 1930.—Decided May 7, 1930.

*Manuel Marchán,* petitioner's attorney-in-fact, for appellant.  *V. M. Fernández,* for plaintiff in the main action.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

In this case a motion has been made to dismiss the appeal on the ground that we have no jurisdiction of the appeal and because the same is frivolous.

Unlawful detainer proceedings were instituted in the Municipal Court of Vega Baja by Pablo Eguia against Carmen Meléndez, who was represented by her attorney-in-fact Manuel Marchán.  In her answer the defendant denied the essential averments of the complaint and alleged that she

is the owner of the property involved and that she had filed a complaint in an action for nullity of contract and an opposition to certain possessory title proceedings. The municipal court rendered judgment for the plaintiff on April 9, 1929. On the 26th of the same month and year, the defendant filed in that court a motion for reconsideration of the judgment which was denied. On September 25, 1929, she filed in the District Court of San Juan a petition of certiorari in which she set forth the above facts, and that the lower court had committed several errors; that a conflict of titles existed; that plaintiff's evidence was insufficient, and that it appeared from certain possessory proceedings that Pablo Eguia had stated that he had acquired the property at a sale subject to the reservation of a right to re-purchase (*pacto de retro*); that the action prosecuted does not lie; that the judgment is null and void because it does not contain a description of the property which is the object of the suit, and that the decision of the court on the motion for rehearing is void and without effect. She also alleged that the court had entered an order evicting the petitioner which was executed by the marshal on September 23, 1929. On that day she had filed a motion to be adjudged insolvent and, as such, to be allowed to prosecute the proceedings.

Pablo Eguia interposed a demurrer and filed an answer to the petition in certiorari. He set up that it was sought by the proceedings to review questions of fact relating to the evidence; that an appeal would be the proper remedy; and that the writ would not answer any practical purpose, since a final and executed judgment is involved.

On October 8, 1929, the District Court of San Juan rendered judgment denying the petition of certiorari and discharging the writ originally issued. In the opinion attached to that judgment, it is stated by the court that the petitioner in the present case seeks to review the evidence which had already been weighed by the judge of the court below, and that this is not a proper function of the writ of

certiorari; that the petitioner could have availed herself of the remedy by appeal, but failed to do so; and that when application was made for the writ of certiorari the judgment had already been executed.

Thereupon the petitioner took an appeal to this court. Now we are moved by the appellee to dismiss the appeal for the reason that the notice thereof was filed on January 2, 1930, and the transcript of the record on the 28th of the following February; and because the appeal is frivolous. The appellant has opposed the motion.

There are few cases where the frivolous character of an appeal could be more apparent than in the case at bar. The real purpose of the certiorari proceeding instituted herein was to attack the weighing of the evidence by the municipal court and, in effect, to substitute an extraordinary remedy for the remedy by appeal, which the petitioner failed to utilize although it was available to her.

It appears from the record that the judgment of the municipal court in the action of unlawful detainer in this case was entered on April 9, 1929; that on April 26 of the same year a motion for reconsideration of that judgment was filed by Carmen Meléndez; that a writ of execution was issued on May 14, 1929, and the order of eviction was entered on September 20, 1929, and executed by the marshal on the following September 23. The defendant did not appeal from the said judgment.

In accordance with the constant and invariable jurisprudence, we have repeatedly held that the writ of certiorari can only be resorted to for the purpose of reviewing questions of procedure or of jurisdiction. *Agostini* v. *Municipal Court,* 33 P.R.R. 780; *Del Toro* v. *Municipal Court,* 16 P.R.R. 89, and other cases. This court has likewise held—

(a) That the writ of certiorari has not been provided to take the place of a writ of error or an appeal. *Montalvo* v. *Soto Nussa,* 20 P.R.R. 356; *Del Toro* v. *Municipal Court, supra.*

(b) That the writ of certiorari does not lie where the petitioner has an adequate remedy at law. *De León* v. *Brusi,* 22.P.R.R. 447; *Sánchez* v. *Cuevas Zequeira,* 23 P.R.R. 47; *Gordils* v. *District Court,* 31 P.R.R. 582.

In any event, once the judgment in the unlawful detainer proceeding was executed, it does not seem that a writ of certiorari would serve any practical purpose. Also, if it be a case where the defendant in the action of unlawful de- tainer set up the nullity of her opponent's title, it is not by resorting to an extraordinary remedy that she could obtain a declaration of such nullity.

The motion of the appellee is proper and reasonable; and, hence, the appeal should be and it is dismissed.